## J. ROBBERSON v. THE STATE.

1. FRAUDULENT DISPOSITION OF PROPERTY SUBJECT TO LIEN. — Article 773 of the Penal Code (Pasc. Dig., art. 2425) makes it a penal offense (1) to remove out of the state any personal property on which the accused has given any written lien; (2) to sell such property; or (3) to "otherwise dispose of" such property — an intent to defraud the holder of the lien being an essential ingredient of each of these offenses.

2. SAME. — A removal of such property, with such intent, from one county in the state to another is not an offense under said article. The expression "otherwise dispose of" does not include a removal or sale, but does include any other mode of placing the property beyond the reach of the holder of the lien, with such intent.

3. FRAUDULENT SALE OF SUCH PROPERTY — VENUE OF THIS OFFENSE. — The Code of Criminal Procedure enumerates various offenses for which a prosecution may be instituted in either of different counties, but the offense of selling property under lien, with intent to defraud, is not among them; and consequently such a prosecution must be commenced in the county where the offense was committed — *i. e.*, where the sale was made — irrespective of where the lien was given or the property brought from.

APPEAL from the District Court of Matagorda. Tried below before the Hon. W. H. BURKHART.

The material facts will be found in the opinion. The jury found the appellant guilty, and assessed his punishment at two years in the penitentiary.

*F. C. McCamly,* for the appellant, filed an able and interesting argument.

*George McCormick,* Assistant Attorney General, for the State.

*A. B. Braman,* County Attorney of Matagorda, also for the State. The indictment covers all the requirements of the law. It charges defendant with feloniously and fraudulently disposing of said cotton on January 15, 1877, during the subsistence of the mortgage, etc., and that he did then and there, on said date and said time of subsistence of said mortgage, fraudulently sell said cotton, with intent to deprive, etc. The law says with intent to *defraud,* but *fraudulently deprive* is equivalent to *defraud;* for, define the word defraud, it means to fraudulently deprive. Thus, there can be no ambiguity about the allegations of the indictment.

I hold, also, that when defendant removed said cotton, or countenanced or encouraged its removal, the offense of a disposition to defraud was complete. It appears to me that the statute contemplates any disposition of mortgaged property to be punishable ; if a party conceals, removes, or sells, or makes any disposition of the property, without the knowledge or consent of the mortgagee, and with the intent to unlawfully deprive the mortgagee of his right thereto, that it is an offense under the law, for which the penalty attaches under article 2425, Paschal's Digest.

The *gravamen* of the offense is to dispose of in any manner, or to sell, for the purpose of defrauding the mortgagee ; and these allegations are fully expressed in the indictment. The defendant argued that the indictment was bad because it had an improper venue — that the offense was indictable in Brazoria County, and not Matagorda. But, suppose the cotton had been removed from the latter county, out of the state, where would the venue lay? I say, in the county

where the mortgage was given, and subsisting at the time of such fraudulent removal, selling, or disposition.

The charge in the indictment is the fraudulent sale of the cotton, and, if he removed the same to sell it, and did sell it, the offense of selling is complete. If there had been no sale, then it might have been necessary to allege a fraudulent disposition. There can be no duplicity in the indictment, because there is only one offense charged — that is selling. To remove out of the state of Texas is one ground; to sell is another. We have nowhere alleged that he removed it out of the state, but simply that he removed it to sell, and did sell, thereby constituting a fraudulent sale, and nothing further. The proof that the cotton was sold in Brazoria County cannot affect the venue of the offense as charged, because at the moment defendant put said cotton on the wagon, or countenanced the same, with the purpose of taking it to another county to sell, the fraudulent disposition was complete. " To dispose of, " in the statute, has a more general meaning than to sell. It cannot be contended that there was no disposition of the cotton, when it was put on the wagon preparatory to going into another county. If the question of venue can be successfully raised in this case, the statute becomes inoperative if a mortgageor of property will only carry the mortgaged property into another county and sell it. He only is in trouble who sells the property at home. The more adroit the performance in such a case the more successful the villainy.

Winkler, J. The appellant was indicted under article 773 of the Penal Code (Pasc. Dig., art. 2425), for fraudulently disposing of a certain bale of cotton, alleged to have been mortgaged to one Galen Hodges as security for the payment of $50 due from Robberson to Hodges, with intent to defraud the mortgagee.

The indictment charges that the offense was committed in

Matagorda County. This prosecution was commenced, the trial had, and the appellant convicted in Matagorda County. The proof shows that the cotton was removed from Matagorda County and sold in Brazoria County.

On the trial below the defendant requested the court to charge the jury that, if the bale of cotton was sold in Brazoria County, and not in Matagorda County, they must acquit the defendant. This charge was refused, and the defendant took a bill of exceptions to the ruling, and sets it out as one of the grounds in his motion for a new trial, and assigns it as error.

The question here raised is this: Does the proof sustain the charge set out in the indictment?

It will readily be seen, from an examination of the article of the Penal Code under which this prosecution is attempted, that its provisions may be violated in several ways. First, by removing the mortgaged property, or any part thereof, out of the state; second, by selling the mortgaged property; and, third, by otherwise disposing of the mortgaged property, with intent, in either case, to defraud the mortgagee, or person holding such lien, whether as the original party or one to whom it may have been transferred. It is also necessary that the lien upon the property be in force, valid and subsisting, and that the debt to secure which the lien was created had not been paid. *Satchell* v. *The State*, 1 Texas Ct. App. 438.

The offense of removing the property would only be complete on its removal out of the state. A charge based on a sale of the property would be supported by proof of such sale, and would involve the question of *venue*, or where the selling occurred. What would constitute a disposition of the property otherwise than by removal or sale is not clearly defined in the Code; but it is believed that any other placing of the property beyond the reach of the mortgage creditor, and with the fraudulent intent mentioned

in the article, would lay the party liable, under its provisions, to indictment. But the two modes — namely, removing or selling — would not be included in the expression *otherwise*.

This prosecution is not pretended to be based upon a removal of the property beyond the state, but can only be maintained on the clause making it penal to sell the property; which necessitates the inquiry as to whether, under this clause, the prosecution could be maintained in a county other than the one in which the selling took place.

The Code of Criminal Procedure, chapter 2, part 3, from article 190 to article 208, both inclusive (Pasc. Dig., arts. 2657–2676), prescribes the counties in which offenses may be prosecuted; by reference to which it will be seen that by the provisions of the several articles of this chapter there are numerous offenses which may be prosecuted in more than one county, and by the concluding article it is provided that, " in all cases except those enumerated in previous articles of this chapter, the proper county for the prosecution of offenses is that in which the offense is committed." Pasc. Dig., art 2676.

The offense charged in the present case does not come within any of the exceptions mentioned in this chapter of the Code, and must be prosecuted in the county in which the offense was committed.

We have already seen that, if the appellant is guilty of any offense charged in the indictment, it is for selling the mortgaged property. This being the offense made by the indictment and the evidence, we are of the opinion that proof of a sale of mortgaged property in Brazoria County would not support a conviction on a prosecution commenced and had in the county of Matagorda. The court erred in refusing to give the instruction to the jury on this subject; and, for this error, and because there was no sufficient evidence to support the verdict, the court should have granted a new trial.

Other questions are presented in the record which have not been considered, and as to which there is room for controversy ; but, as they may not arise on a subsequent trial, we have not deemed it important to consume now the time necessary to a proper understanding of them.

For the reasons above set out the judgment must be reversed and the case remanded.

*Reversed and remanded.*